UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SHEET METAL WORKERS'<br>NATIONAL PENSION FUND, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIBER MECHANICAL SYSTEMS, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:09cv1161<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

This matter came before the Court on plaintiffs' Motion for Entry of Default Judgment against defendant Caliber Mechanical Systems, Inc. ("Company" or "defendant").

I. INTRODUCTION

**A. Background**

Plaintiffs Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), National Energy Management Institute Committee ("NEMI"), the Sheet Metal Workers' National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), and the Sheet Metal Workers' National Supplemental Savings Plan ("NSSP") (collectively, "Funds" or "plaintiffs"), employee benefit trust funds, multi-employer plans and employee benefit plans established and maintained under 29

U.S.C. § 186(c) and 29 U.S.C. § 1002(37), filed this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. Plaintiffs seek damages, injunctive relief, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the Sheet Metal Workers' International Association, Local Union No. 359, to which defendant was a party. Defendant also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreement") establishing the trust funds. (See Compl. ¶¶ 10-14; Todd Declaration ¶ 2 ("Todd Decl.").)[1]

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 185(a), 1132 and 1145. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for violation of a

---

[1] The collective bargaining agreement and Trust Agreement are hereinafter collectively referred to as "the Agreements."

contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. §§ 185(a). The plaintiff funds bringing this action maintain their principal places of business and are administered in this district. (Compl. ¶ 13.) This Court has personal jurisdiction over defendant under the decision in <u>Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.</u>, 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant does business with plaintiff funds that is sufficient to create personal jurisdiction over defendant in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### C. Service of Process

Process was served on defendant by hand-delivering copies of the Summons and Complaint to S. Paterik, Vice President of Milligan Lawless Taylor Murphy, Statutory Agent, at 4647 N. 32nd Street, #185, Phoenix, Arizona, November 18, 2009. (<u>See</u> Summons Returned Executed (Dkt. No. 4).)

### D. Grounds for Default

Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On January 12, 2010, plaintiffs filed a Request for Entry of Default with the Clerk's office. (Dkt. No. 5.) The Clerk entered default as to defendant

3

on January 14, 2010.  (Dkt. No. 6.)  On March 26, 2010, plaintiffs filed a Motion for Default Judgment and the hearing was conducted on April 2, 2010.  (Dkt. Nos. 8, 11.)  After the defendant failed to appear at the April 2 hearing, the undersigned Magistrate Judge took the case under advisement to issue this Report and Recommendation.

## II. <u>FACTUAL FINDINGS</u>

Based on the Complaint; the Declaration of Joshua Todd, the Billing Manager of NPF ("Todd Decl."); the Declaration of Sarah G. Naji, Esquire, plaintiffs' counsel ("Naji Decl."); and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings of fact.[2]

Plaintiffs,[3] who are employee benefit plans or trust funds, bring this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

---

[2] Documents submitted in proof of damages include plaintiffs' Motion for Default Judgment ("Mot. for Default J.") and Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Default J."), which includes several exhibits.

[3] As stated above, plaintiffs include Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), National Energy Management Institute Committee ("NEMI"), Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), the Sheet Metal Workers' National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), and the Sheet Metal Workers' National Supplemental Savings Plan ("NSSP") (collectively, "Funds" or "plaintiffs").

4

(Mem in Supp. Default J. 1-2.) Plaintiffs seek to collect unpaid monthly benefit plan contributions, interest and liquidated damages on unpaid and delinquent contributions, and attorneys' fees and costs due under the terms of the Collective Bargaining Agreements ("Agreements"), Agreements and Declarations of Trust, and the Rules and Regulations for the Funds. The Agreements were approved on plaintiffs' behalf by Sheet Metal Workers' International Association Local Union No. 359. (Todd Decl. ¶ 2.)

Plaintiffs seek an order holding defendant liable and requiring defendant: (1) to file remittance reports and make contributions due the Funds for the months of October 2008 through February 2009;(2) to pay all contractual late charges and all interest and liquidated damages on the unpaid contributions; and (3) to pay plaintiffs' reasonable attorneys' fees and costs in bringing this action, as well as any additional fees and costs incurred in the execution of any judgment awarded. (Mot. for Default J. 1-3; Todd Decl. ¶¶ 5-8; Naji Decl. ¶¶ 5-8.)

In addition, plaintiffs seek injunctive relief enjoining the defendant and all persons acting on its behalf from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which defendant is obligated to do so under its current and future collective bargaining agreements. (Mot. for Default J. 2)

The Agreements require defendant to submit monthly contributions to the plaintiffs on behalf of all covered

employees.  (Todd Decl. ¶ 3.)  Contributions must be made for each hour for which employees worked, each hour for which employees were paid, and for the wages and fringe benefits due at the contribution rate specified in the Agreements.  (Todd Decl. ¶ 3; Compl. ¶ 16-18.)  In addition to monthly contributions, the Agreements require defendant to submit monthly remittance reports on which the defendant is to list, <u>inter alia</u>, their employees and the hours they worked or for which they received pay that month, and the wages and fringe benefits due to or on behalf of covered employees.  (Todd Decl. ¶ 3; Compl. ¶¶ 16-18.)  The completed remittance reports and accompanying contributions are due the Funds by the twentieth (20th) day of the month following the month in which covered employment occurred ("due date").  (Todd Decl. ¶ 3.)

In violation of the Agreements, defendant has failed to submit timely monthly contributions to the Funds for the for the period October 2008 through February 2009. (Todd Decl. ¶ 4.) Pursuant to the Agreements and under § 502(g)(2) of ERISA,[4] plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid;[5] (3) liquidated damages for contributions which

---

[4] 29 U.S.C. § 1132(g)(2).

[5] For the Funds, interest is calculated at the rate prescribed under the Funds' Agreement and Declaration of Trust, 0.0233%.  (<u>See</u> Todd Decl. ¶ 5.)

were paid late or remain unpaid;[6] and (4) reasonable attorneys' fees and the costs of this action.

The amounts due in unpaid and delinquent monthly contributions, accrued interest on unpaid and delinquent contributions calculated through March 26, 2010, and liquidated damages on unpaid and delinquent contributions for each of the Funds are summarized as follows:

| Fund | Payments Due | Interest | Liq. Dam. | Total |
|---|---|---|---|---|
| NPF | $1,549.27 | $164.99 | $309.82 | $2,024.08 |
| ITI | 131.82 | 14.05 | 26.33 | 172.20 |
| NEMI | 32.95 | 3.50 | 6.56 | 43.01 |
| SMOHIT | 21.97 | 2.35 | 4.36 | 28.68 |
| SASMI | 935.74 | 97.71 | 187.14 | 1,220.59 |
| NSSP | 1,824.98 | 194.17 | 364.99 | 2,384.14 |
| TOTAL | $4,496.73 | $476.77 | $899.20 | $5,872.70 |

(Ex. D1 to Mem. Supp. Default J.; Todd Decl. ¶¶ 6-8.)

Finally, plaintiffs seek $2,574.77 in attorneys' fees and costs. In support of this request, plaintiffs submitted the Declaration of Sarah G. Naji, Esquire (Ex. 2 to Mem. Supp. Default J.) and a time and expense report from Slevin & Hart, PC (Ex. E to Mem. Supp. Default J.). The undersigned Magistrate Judge finds the requested costs and fees to be reasonable.

### III. RECOMMENDATION

---

[6] For the Funds, liquidated damages are assessed in an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions. (Todd Decl. ¶ 5.)

The undersigned Magistrate Judge recommends entry of judgment in favor of plaintiffs having concluded that plaintiffs, the Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), National Energy Management Institute Committee ("NEMI"), the Sheet Metal Workers' National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), and the Sheet Metal Workers' National Supplemental Savings Plan ("NSSP"), collectively, are entitled to recover the following: $4,496.73 in unpaid contributions; $476.77 in accrued interest through March 26, 2010; $899.20 in liquidated damages; and $2,574.77 in reasonable attorneys' fees and costs. Thus, the recommended award total is $8,447.47.

The undersigned Magistrate Judge further recommends granting the following injunctive relief: to file the required remittance reports due to the Funds for all periods for which Defendant is obligated to file such reports with the Funds under the terms of the collective bargaining agreement.

If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

IV. NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

>    David S. Bahuriak, Jr., Esquire
>    Jerome A. Flanagan, Esquire
>    Jennings Sigmond, P.C.
>    The Penn Mutual Towers, 16th Floor
>    510 Walnut Street
>    Philadelphia, PA 19106-3683
>
>    CALIBER MECHANICAL SYSTEMS, INC.
>    6940 NW Grand Avenue
>    Glendale, AZ 85301

                                                              /s/
                                      Theresa Carroll Buchanan
                                      United States Magistrate Judge

May 14, 2010
Alexandria, Virginia